[Crim. No. 353.   First Appellate District.—December 28, 1911.]

THE PEOPLE, Respondent, v. INEZ C. PETERSON, Appellant.

CRIMINAL LAW—FORGERY OF PROMISSORY NOTE—SUFFICIENCY OF IN-FORMATION—AVERMENT OF KNOWLEDGE OF WANT OF AUTHORITY NOT REQUIRED.—An information charging the crime of forgery of a promissory note which alleges that the defendant, at a time and place specified, "did then and there willfully, unlawfully, feloniously, fraudulently and with intent to prejudice and damage and defraud a corporation" named, "make, alter, forge and counterfeit a certain" promissory note, states a public offense, and is not required to allege that such acts were committed by the defendant, "knowing that she had no authority to do so." That language does not qualify the crime of forgery of a promissory note.

ID.—DISTINCT CHARGE OF UTTERING AND PASSING FORGED NOTE—PROOF OF BOTH OFFENSES—GENERAL VERDICT.—The information also properly charged the distinct offense of uttering and passing the forged note, which also states a public offense, and was not demurrable on either ground. Inasmuch as the information charged the defendant both with forging the note and with uttering the same, both offenses were properly proved, and neither of them being open to

objection, a general verdict under both charges was properly rendered.

ID.—EVIDENCE—CROSS-EXAMINATION OF MEDICAL WITNESS FOR PROSECUTION—QUESTION AS TO DEFENDANT'S SANITY.—Where a medical witness called for the prosecution gave no testimony as to the sanity of the defendant, the defendant had no right to cross-examine him on that question.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Wm. P. Lawlor, Judge.

The facts are stated in the opinion of the court.

Philip C. Boardman, for Appellant.

U. S. Webb, Attorney General, and J. Charles Jones, Deputy Attorney General, for Respondent.

KERRIGAN, J.—The defendant was convicted of the crime of forgery. She moved for a new trial, which motion was denied, whereupon she was sentenced to imprisonment at the state prison for a term of years. She prosecutes this appeal from the judgment.

The information alleges that the defendant, on or about the seventh day of March, 1911, at the city and county of San Francisco, state of California, "did then and there willfully, unlawfully, feloniously, falsely, fraudulently, and with intent to prejudice, damage and defraud the Frankenau Investment Company, a corporation . . . make, alter, forge and counterfeit a certain" promissory note. After setting forth a copy of the note, the information further alleges that "she, the said Inez C. Peterson, . . . well knowing the same to be false and forged, did," at the said time and place, "willfully, unlawfully, feloniously, falsely, fraudulently, and with intent to prejudice, damage and defraud" the said corporation, "utter, publish and pass the same as true and genuine to said" corporation.

To this information defendant interposed a general demurrer, which was overruled; and this ruling is now assigned as error.

It will be observed that the first part of the information does not allege that the defendant did the things charged, "knowing that she had no authority so to do," and for this reason the defendant contends that the information fails to incorporate therein an essential ingredient of the offense as

defined by section 470 of the Penal Code; that therefore her demurrer should have been sustained.

This position is devoid of merit. The information charges that the defendant willfully, unlawfully, feloniously, and with intent to prejudice and damage the said investment company, did falsely make and forge the promissory note described. The charge is predicated upon a portion of the section defining what is forgery, which is not qualified by the language "not knowing that he had not authority so to do." This particular language was inserted by an amendment to the section adopted in 1905. The charge is based upon that portion of the statute which reads as follows: "Every person who, with intent to defraud . . . falsely makes, alters, forges or counterfeits any . . . promissory note . . . ," and as a charge under this portion of the section the information is without defect. But even if this were not so, still the order of the court overruling the demurrer would have to be sustained, because the part of the information charging the uttering and passing of the note alone states a complete public offense.

The information charged the defendant with both forging the note and with uttering it. Evidence was introduced under both branches of the information, and the jury was instructed upon both branches of the case. The verdict was general, and if, as argued by defendant, the charging of either offense was radically defective, it would be impossible to say upon which charge of the information the verdict was based, and hence the judgment would perhaps have to be reversed. (*People* v. *Mitchell*, 92 Cal. 590, [28 Pac. 597, 788]; *People* v. *Turner*, 113 Cal. 278, [45 Pac. 331].) The rule laid down in those cases, however, has no application here, for the reason that neither part of this information is, as we have seen, open to objection.

Defendant also complains that the trial court prejudicially curtailed her right to cross-examine Dr. Alfred G. Meyer, a witness called for the prosecution. The testimony of this witness on direct examination did not touch the subject of defendant's sanity, and therefore, of course, she had no right to cross-examine him concerning that matter.

The judgment and order are affirmed.

Hall, J., and Lennon, P. J., concurred.