[Crim. No. 3705.   Second Dist., Div. Two.   Sept. 29, 1943.]

THE PEOPLE, Respondent, v. HUBERT R. KERSTEN et al., Appellants.

Morris Lavine for Appellants.

Robert W. Kenny, Attorney General, Frank Richards, Deputy Attorney General, J. H. O'Connor, County Counsel, and John P. Wright, Assistant County Counsel, for Respondent.

WOOD (W. J.), J.—This appeal is being prosecuted by defendant Kersten and by his surety on a bail bond from an order denying their motions to set aside an order which had been entered declaring a forfeiture of the bond.

Defendant was arraigned in the superior court on an information charging him with robbery and the action was set for trial for April 3, 1941, at which time an amended information was filed charging defendant with burglary and with four prior felony convictions. Defendant entered a plea of guilty, admitted the prior convictions and requested permission to file an application for probation. This request was granted. It was stipulated that the court should determine the degree of the offense from the report of the probation officer. On motion of defendant the matter of the hearing on the application for probation and the pronouncement of judgment and sentence was continued from time to time until January 15, 1942. Defendant was released on the bond in question on June 17, 1941. The reason advanced by defendant for requesting the continuances was that he claimed to be working on an invention which would be of service to the United States Government in the prosecution of the war. Although the clerk's minutes of April 3, 1941, showed defendant's admission of the prior convictions, it was stipulated on January 15, 1942, that the court should then determine the allegations concerning the four prior convictions from the reports submitted by the probation officer. The court thereupon found each allegation concerning the prior convictions to be true. Counsel for defendant then told the court that it was his honest opinion that defendant's invention had merit and he again requested a continuance for ninety days. The court thereupon continued the matter of passing upon the application for probation and the pronouncement of judgment to April 2, 1942. The defendant did not appear on April 2, 1942, and the court ordered his bail forfeited. Within ninety days thereafter appellants presented the motions to set aside the order declaring the bail forfeited.

Two grounds are specified as the basis for the motions to set aside the order of forfeiture. ▆ It is alleged that at the time of the order of forfeiture defendant was "legally insane and mentally incapable to know what he was doing and was therefore mentally unable to perform any of the acts required by the bail." At the hearing on the motions defendant testified that before April 2, 1942, he "got hit by

an automobile at Highland and Sunset'' in the city of Los Angeles and that he did not remember where he was until he had been in jail in the city of Detroit for four days. When asked if he had been able to notify the bonding company or anyone as to his whereabouts he replied: ''I didn't think anything about it. I didn't know I was out on bond.'' Defendant further testified that the date he was struck by the automobile was March 16 or March 17, 1942.

Appellants assert that according to the uncontradicted testimony of defendant it was physically impossible for him to appear in court on April 2, 1942, and for this reason the order of forfeiture should have been vacated. The testimony of defendant was such that the court was not compelled to accept it as true or be guided by it. ▮ There are exceptions to the general rule that the uncontradicted testimony of a witness to a particular fact is binding on the court. The trial court may give consideration to inherent improbabilities in the statement of a witness, the manner of the witness while testifying and all of the circumstances surrounding the particular fact which is the subject of the inquiry. ▮ The statement of defendant in the present instance was very meager. The circumstances surrounding the automobile accident were not presented to the court, nor were the circumstances or the dates of the incarceration of defendant in Detroit. It was the function of the court to determine what credit should be given to the testimony of defendant and there is no justification on this appeal for disturbing its finding denying credence to the testimony.

▮ As a second ground for asking the trial court to set aside the order of forfeiture appellants assert that defendant Kersten ''at all times within which he was required by law to be present for sentence was present and that his subsequent absence at times other than those required by law were with the knowledge and consent of the state.'' Appellants point out that the trial court was informed before the continuances were granted that defendant admitted the prior convictions; that he was therefore not eligible for probation; and that under the provisions of section 1191 of the Penal Code judgment must be pronounced within not less than two nor more than five days after a plea of guilty. They argue that the court lost jurisdiction to sentence defendant after the expiration of five days; that the appealing surety company was not obligated to guarantee the presence of defendant after the court had lost jurisdiction to sentence him; and that the

surety company was entitled to believe when preparing the bond that the court would follow the provisions of section 1191 of the Penal Code and of section 1203 of the Penal Code, which prohibits the granting of probation to one who has suffered a prior conviction of a felony. These arguments are not available to appellants, for all of the continuances were made at the earnest request of defendant. Indeed, the bond was filed after the defendant's request for a continuance had been granted and long after the expiration of the five day period following the plea of guilty and the admission of the prior convictions. The surety company is presumed to know that under the decisions of California courts a defendant in a criminal action can waive time for pronouncing judgment. The court did not lose jurisdiction by granting defendant's requests for continuances and the surety company was obligated to produce defendant at the time ordered by the court or pay the penalty fixed in the bond. Moreover, section 1191 of the Penal Code provides that the time for pronouncing judgment may be extended by the court "until any proceedings under section 1203 of this code have been disposed of." The application for probation made under section 1203 was presented at the request of defendant and at his request no disposition had been made of it before the date of the forfeiture of the bond. Although under the terms of section 1203 defendant was not entitled to be placed upon probation, he nevertheless had been accorded the right to file an application and the proceedings under the section were before the court and not disposed of.

The order is affirmed.

Moore, P. J., and McComb, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied October 28, 1943.