[Crim No. 2609.   First Dist., Div. Two.   Sept. 29, 1949.]

THE PEOPLE, Respondent, v. GARRETT A. WILLIAMS, Appellant.

Garrett A. Williams, in pro. per., for Appellant.

Fred N. Howser, Attorney General, and David K. Lener, Deputy Attorney General, for Respondent.

GOODELL, J.—This appeal is from an order of May 31, 1949, denying appellant's motion to annul a judgment entered on November 28, 1947.

The ground of the motion was that the court rendered judgment at a hearing on October 31, 1947, and then, on November 28, 1947, rendered a second judgment which was void and in excess of jurisdiction, and which placed defendant in double jeopardy.

Appellant was charged with burglary and pleaded guilty in the municipal court. On October 31, 1947, on arraignment in the superior court for judgment, when his counsel urged "a suspended county jail sentence," a discussion ensued between court, counsel and defendant respecting prior convictions, wherein counsel further urged that if his client "could be saved from going back on an additional felony sentence it would at least cut down some of the time." A police inspector testified that defendant had admitted "to us that he had been over there three or four times," whereupon defendant conceded three priors. The inspector gave the details of this burglary—the entry of a store at night, unarmed, and nothing taken. The court then ruled it to be second degree burglary and made the following statement which appellant claims was the pronouncement of judgment: "It will be the judgment of the law and the sentence of the Court that the defendant be confined to the county jail for a period of one year, said sentence to be suspended on condition he be turned over to the state authorities as a parole violator."

After disposing of other matters the court returned to this case. The inspector was recalled (without further oath) and defendant was confronted with five felonies from the record which the inspector had produced. When the assistant district attorney stated there had not been time to check on the complete record defense counsel said "Well, we will be glad to have a continuance . . . except the statutory period insists on five days." Defendant then admitted four priors.

After further discussion of the current offense (including defendant's grudge against the owner of the store) and the time served on his last conviction, the court said "We are

not going to take any chances. The matter will be referred on the order of Court, the Court entering, for the purposes of a proper judgment, a motion for probation, directing the probation office to furnish this Court . . . Let us find a little more about this other party that he is supposed to have had this fight with.'' Defense counsel responded ''Very well, your Honor.'' The court then continued the matter to November 28, and directed the probation officer to ascertain defendant's ''exact status at San Quentin now.''

On November 28, the court denied probation and sentenced appellant to San Quentin for the time prescribed by law, ''to run concurrently with the sentence to be imposed as a parole violator.''

The first answer to appellant's contention is that on October 31, there was but one hearing, interrupted only while the inspector went to get defendant's record. Defendant was ''glad to have a continuance.'' It was granted by the court under [Pen. Code] section 1191 which extends the time for judgment ''until any proceedings under section 1203 . . . have been disposed of.'' By this action the earlier pronouncement respecting a suspended sentence was effectively superseded and nullified and the question of probation was set at large. All this was done with defendant's express consent. (*People* v. *Kersten*, 60 Cal.App.2d 624, 627 [141 P.2d 512].) No entry of the suspended sentence was made in the minutes, and defendant was never under restraint by virtue of it (see *People* v. *McAllister*, 15 Cal.2d 519, 526 [102 P.2d 1072]).

The second answer is that the court's pronouncement respecting a suspended sentence could not have been a judgment in any sense of the word. A suspended sentence is nothing but probation called by a different name. An order suspending sentence is, in legal effect, ''the equivalent of an order granting probation'' (*In re Herron*, 217 Cal. 400, 404 [19 P.2d 4]). A court has ''no power to suspend execution of sentence except as an incident to granting probation'' (*People* v. *Sidwell*, 27 Cal.2d 121, 129 [162 P.2d 913]; *People* v. *Wallach*, 8 Cal.App.2d 129, 132 [47 P.2d 1071]).

The courts have repeatedly held that ''Probation is not a judgment'' (*In re Marquez*, 3 Cal.2d 625, 627 [45 P.2d 342]; *People* v. *Guerrero*, 22 Cal.2d 183, 184 [137 P.2d 21]; *People* v. *Wallach*, 8 Cal.App.2d 129, 133 [47 P.2d 1071]; *In re Goetz*, 46 Cal.App.2d 848, 851 [117 P.2d 47]; *People* v. *D'Elia*, 73 Cal.App.2d 764, 766 [167 P.2d 253]; *In re Martin*, 82

Cal.App.2d 16, 22 [185 P.2d 645]). "Probation is defined as an act of grace and clemency, which may be granted by the court to a seemingly deserving defendant, whereby he may escape the extreme rigors of the penalty imposed by law for the offense of which he stands convicted." (*People* v. *Hainline,* 219 Cal. 532, 534 [28 P.2d 16], citing *People* v. *Payne,* 106 Cal.App. 609 [289 P. 909].) A judgment, on the other hand, *imposes* the "rigors of the penalty."

It follows that the judgment of November 28, 1947, was the only judgment in the case.

*In re Fontino,* 135 Cal.App. 466 [27 P.2d 413] and *In re Garrity,* 97 Cal.App. 372 [275 P. 480], relied on by appellant, are not in point for the reasons already stated.

There is serious doubt whether appellant's point could be raised otherwise than by an appeal from the judgment (see *People* v. *Carkeek,* 35 Cal.App.2d 499 [96 P.2d 132]; *People* v. *Erickson,* 74 Cal.App.2d 339 [168 P.2d 417]) but that question need not be decided.

The order is affirmed.

Nourse, P. J., and Dooling, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 27, 1949.