## UNITED STATES v. BOUGIE.
### Crim. A. No. 23290–CD.

United States District Court
S. D. California, Central Division.
Jan. 20, 1954.

Laughlin E. Waters, U. S. Atty. for Southern Dist. of California, Los Angeles, Cal., by Howard R. Harris and Bruce I. Hochman, Asst. U. S. Attys., Los Angeles, Cal., for plaintiff.

Lewis Notrica, Los Angeles, Cal., for defendant.

TOLIN, District Judge.

At the close of the prosecution's evidence, defendant addressed a motion to the Court for entry of judgment of acquittal, as provided in Rule 29, Federal Rules of Criminal Procedure, 18 U.S. C.A., on the ground that the evidence is insufficient to sustain a conviction of the offense charged in the indictment.

The body of the indictment reads as follows:

"On or about November 30, 1953, in Los Angeles County, California, within the Central Division of the Southern District of California, defendant Melvin E. Bougie, in a matter within the jurisdiction of a department and agency of the United States, to wit: the United States Post Office, said matter being the application for Christmas Employment with the United States Post Office by said defendant, did knowingly and wilfully falsify, conceal, and cover up a material fact, and did make a false, fictitious and fraudulent statement and representation, as follows on Form C–1, Application for Christmas Employment, in answer to question 14 thereon: 'Have you ever been arrested for an offense for which you were fined or sentenced?', said defendant answered on said form, 'No'."

It is noted that the customary allegation that the statement was false in certain particulars has been omitted

and there is no allegation from which a reader of the indictment can determine wherein the falsity of the alleged statement resides. All that is alleged is that the quoted statement is false but in what particular cannot be determined from the indictment. It is a fundamental rule of pleading falsity that the indictment state the particulars constituting the falsity. The following cases, although not involving misstatements in exactly the way they are allegedly present here, demonstrate the necessity of pleading more than mere conclusion. Facts which lead to the conclusion must be pleaded. United States v. Williams, 5 Cir., 203 F. 2d 572; United States v. Schneiderman, D.C., 102 F.Supp. 87; United States v. John Reardon & Sons Co., C.C., 191 F. 454. Thus, there is an error of substance in the indictment before the Court. Whether the indictment is sufficient for basic jurisdictional purposes leaving the defendant to require a bill of particulars, has not been presented; and as the defective indictment has not been attacked, the Court proceeds to the point which counsel have urged, i. e., the sufficiency of the evidence. It is readily apparent that unless the defendant had been arrested for an offense for which he was fined or sentenced, the answer "No", which he admittedly made, was a true answer. To prove that defendant had been convicted of such an offense, the Government introduced and, on this element of its case, relies entirely upon a properly authenticated record of the Superior Court of the State of California. It contains a document designated "Judgment" which recites that defendant be punished by imprisonment in the County Jail for the term of one year. A second count is dismissed and then appears a paragraph which reads:

"It is also ordered that execution of sentence be suspended and defendant granted probation, one condition being that defendant serve ninety days of said probationary period in the County Jail."

The interpretation of that document determines the problem here, i. e., had the defendant been arrested for an offense for which he was fined or sentenced?

As the Court action which both parties agree resulted in defendant being committed to jail was the action of a California court enforcing California law, this Court must turn to California law for the answer.

The California Court of Appeals for the Second Appellate District considered the problem in People v. Wallach, 8 Cal. App.2d 129, 47 P.2d 1071, 1072. Since it was decided in 1935, that decision has become a leading California case on the law of sentence and suspension thereof. A brief quotation therefrom will suffice for measuring the present case by the yardstick used by California courts to measure the type of court order here involved:

"* * * the order placing a defendant on probation, even though it include as a condition a period of detention in the county jail, is not a judgment and sentence. People v. Roberts, 136 Cal.App. 709, 713 [29 P.2d 432]. * * *"

See also, the 1950 decision of the California Court of Appeals, United States Fidelity & Guaranty Co. v. Justice Court, 99 Cal.App.2d 683, 222 P.2d 292, 294, where it was said:

"It seems well settled that since the enactment of Penal Code section 1203, the court has no power to suspend execution of sentence except as an incident to granting probation, People v. Sidwell, 27 Cal.2d 121, 162 P.2d 913; People v. Williams, 93 Cal.App.2d 777, 779, 209 P.2d 949, and that an order suspending sentence is, in legal effect, 'the equivalent of an order granting probation'. In re Herron, 217 Cal. 400, 404, 19 P.2d 4, 6.

"It has also been held that 'Probation is not a judgment', People v. Williams, supra, 93 Cal.App.2d at

page 779, 209 P.2d 950, and that where the rendition of the judgment and imposition of sentence is suspended and a defendant granted probation, no final judgment has been entered and no appeal lies from the 'judgment'. * * * "

It is apparent from the discussion of the law of California in the cited cases, and the authorities cited therein, that defendant was not arrested for an offense for which he was fined or sentenced. He was arrested and thereafter granted probation. The correct answer to the rather strangely worded query put to him by the Postal authorities was "No". Accordingly, no Federal crime has been proved.

The motion for judgment of acquittal is granted.