THE COURT.
 

 These cases have a common history, and all references to one relate to the other as well. We need begin back no further than January of 1955 when, after a trial by the court sitting without a jury, the defendant was convicted and sentenced, in each case, to serve five days (the sentences to run consecutively).' He immediately appealed and the judgments were affirmed in May 1955. Making a gesture toward taking the cases to the United States Supreme Court, the defendant secured a stay of execution until August 15, 1955. Later this stay was extended, indefinitely, but was vacated early in April, 1956, when it- became known that the defendant had failed to take the steps necessary to get a hearing before the United States Supreme Court. Without noting all the maneuvers that took place (affidavits of prejudice, appeal from “all void orders” etc., etc.) in March, 1956, we have a motion by the defendant to set aside or suspend the judgments, to grant probation and to reduce bail. This motion, as to the judgment, was based on grounds that were in existence, and relied upon, in the appeal from the judgment. It was denied by the trial court, and the order of denial affirmed on appeal in July, 1956. On August 6 the defendant was notified to appear in the trial court on August 13 to answer to the judgment. On August 9 he filed a notice of a new motion to vacate or suspend the judgments, based on the grounds that had become familiar. On August 10, a petition for removal to the federal court was filed in that court. This petition was denied August. 17, but meanwhile, August 13, the defendant failed to appear and his motion was denied in the municipal court, and his bail forfeited.
 

 These cases are now before us on a notice of appeal, divided into two parts: “1. Defendant hereby appeals from the order
 
 *Supp. 829
 
 of August 13, 1956, denying written motion to vacate judgments. ... 2. Defendant also appeals from the order of August 13, 1956, forfeiting his bail. ...”
 

 We are dismissing the first of these appeals, the one from the order denying a motion that was a repetition of a motion, already made and denied, to set aside a judgment on grounds available and considered upon an appeal from the judgment. Compliance with the requirements of section 1008, Code of Civil Procedure, was lacking in the making of the last motion. The authority given by the section to punish for contempt for a violation of its terms is not the only result of a violation, but the motion should be denied, as it was in this case.
 

 If a defendant may, by a motion to have a judgment set aside, lay the foundation for a new appeal that stays execution of the judgment until the appeal is heard and determined and may then repeat this process, with another stay, no defendant, so long as there is pen and paper at his command would ever have to serve a sentence imposed upon him. The State is not so impotent. The principle is thus stated in
 
 People
 
 v.
 
 Brattingham,
 
 (1928), 91 Cal.App. 527, 528 [267 P. 120, 121]
 
 : .
 
 . the rule is well established that an order made after judgment is not appealable where the motion merely asks the court to repeat or overrule the former ruling on the same facts.” Authorities are cited in support of the rule, and the passage we have quoted appears, in
 
 People
 
 v.
 
 Vivian
 
 (1941), 46 Cal.App.2d 163, 166 [115 P.2d 559, 560]. A death penalty was involved in
 
 People
 
 v.
 
 Smith
 
 (1933), 218 Cal. 484 [24 P.2d 166], where procedural steps, closely paralleling those taken in this case, were condemned, the court saying: 1 ‘ This appeal is entirely frivolous. ... It must have occurred to appellant’s attorney that he has long since exhausted all legal remedies which this court is empowered to grant. A repetition of the practice herein attempted will call for the exercise of the disciplinary powers of this court.” In all these cases, and in
 
 People
 
 v.
 
 Howerton
 
 (1953), 40 Cal.2d 217, 220 [253 P.2d 8, 10], the appeals were dismissed, and we deem that the appropriate action in this case.
 

 The attempted appeal from the order of August 13, 1956, forfeiting bail must also be dismissed because it is not an appealable order. Penal Code, section 1305, provides that after a defendant’s bail has been declared forfeited the court may direct the forfeiture to be discharged if the defendant within 90 days after the forfeiture appears and
 
 *Supp. 830
 
 satisfactorily excuses Ms previous failure to appear. An appeal will lie from an order refusing to set aside the forfeiture.
 
 People
 
 v.
 
 Calvert
 
 (1954), 129 Cal.App.2d 693 [277 P.2d 834] ;
 
 People
 
 v.
 
 Niccoli
 
 (1951), 102 Cal.App.2d 814 [228 P.2d 827];
 
 People
 
 v.
 
 Kersten
 
 (1943), 60 Cal.App.2d 624 [141 P.2d 512], In
 
 People
 
 v.
 
 Hodges
 
 (1928), 205 Cal. 476 [271 P. 897], the court dismissed an appeal from a summary money judgment on a forfeited bond and the court/ refused to review the order forfeiting the bond saying (p. 478) : “Appellant should have moved, within the ninety-day period allowed by section 1305, to discharge the order of forfeiture if improperly made.” The order denying a motion to set aside the forfeiture of bail is an indispensable prerequisite to an appeal by the defendant. The reason for this is obvious. The defendant does not present to the court his excuses for not appearing until he makes his motion to set aside the forfeiture. Then, for the first time there is a record from.which the appellate court can pass upon the validity of the order appealed from.
 

 The defendant is in no position to contend that the trial court had no authority to make the orders at the time that it did, because the federal court had been given jurisdiction by defendant’s act in filing a petition there. Authority to file such a petition is given in criminal cases, by section 1446, of 28 U.S.C.A. (p. 346), but only “at any time before trial.” Defendant’s petition was filed some nineteen months after his trial—unless, of course, we look only to defendant’s petition wherein is alleged “that a trial in said cases . . . is set for August 13, 1956,” without even a suggestion appearing that the eases had already been tried. But if, as a result of misrepresentation and silence, the federal court technically had jurisdiction, that would not make appealable orders which are not appealable under state law, now that the cases have been remanded.
 

 The appeals are dismissed.