Eddie **HERBER**, Plaintiff-in-Error,

v.

**M. M. CHAPMAN**, Judge of the Municipal Court of the City of Shawnee, Pottawatomie County, Oklahoma, Defendant-in-Error.

No. 41761.

Supreme Court of Oklahoma.

Dec. 17, 1968.

Charles E. Grounds, Seminole, for plaintiff in error.

Paul McKinney, Randall Pitman, Shawnee, for defendants in error.

BLACKBIRD, Justice:

Plaintiff in error, hereinafter referred to as "Petitioner", was charged in a case filed in the Municipal Court of the City of Shawnee, with the violation of that City's ordinance against transporting an open bottle of intoxicating liquor. Defendant in error, Judge of said Court, and hereinafter referred to as "Respondent", set the case for trial on the next day, and petitioner posted a cash bond for his appearance at the trial. There is a conflict in the representations of counsel for the respective parties as to what thereafter occurred, but it is agreed that, after the case was reset for trial at a later date, an order was entered in the case forfeiting said appearance bond, after petitioner failed to appear. Within ten days thereafter petitioner filed a notice of his intention to appeal to the District Court from said Municipal Court's forfeiture order.

Pending said appeal, petitioner instituted the present district court action against respondent, alleging in his petition, among other things, that he "posted" a sufficient appeal bond for the above mentioned proposed appeal, but that the respondent municipal judge "has refused and still refuses to transcript the said cause to the district court * * *" contrary to the laws of this State. Alleging that he was "otherwise remediless", petitioner prayed the district court for "a writ of mandamus, requiring * * *" respondent "to transcript" the bond forfeiture proceedings in his court for the appeal to the district court " * * *, as required by law, * * *".

Thereafter, the respondent municipal judge filed an answer in the form of a general denial. Upon trial of the cause, the district court entered judgment refusing to issue the writ sought, and, after his motion for a new trial was overruled, petitioner lodged the present appeal on original record.

Evidently, an issue at the trial was whether or not the respondent judge's forfeiture order was a final, and appealable, order, for petitioner takes the position, in his brief, that it was; while respondent insists, in his brief, that it was not, because plaintiff had never filed a motion to vacate said order, as respondent contends he must, under Tit. 22 O.S.1961, § 1108, before proceeding in a higher court. Said statute, with emphasis on the portion in controversy, reads as follows:

"If, without sufficient excuse, the defendant neglects to appear according to the terms or conditions of the recognizance, bond or undertaking, either for hearing, arraignment, trial or judgment, or upon any other occasion when his presence in court or before the magistrate may be lawfully required, or to surrender himself in execution of the judgment, the court must direct the fact to be entered upon its minutes, and the recognizance, bond or undertaking of bail, or the money deposited instead of bail, as the case may be, is and shall be thereupon declared forfeited. *But, if at any time before the final adjournment of court the defendant or his bail appear and satisfactorily excuse his neglect, the court may direct the forfeiture to be discharged upon such terms as may be just.* After the forfeiture, the county attorney must proceed with all due diligence, by action against the bail upon the instrument so forfeited. If money deposited instead of bail be so forfeited, the clerk of the court or other officer with whom it is deposited, must, immediately after the final adjournment of the court, pay over the money deposited to the county treasurer." (Emphasis added).

As early as State ex rel. Buckley v. Drake, 40 Okl. 538, 139 P. 976 (discussed in the annotation at 84 A.L.R. 420, 427) this court recognized that the emphasized portion of the above quoted statute provides for a reexamination of a forfeiture order by the same court that entered it, and followed United States v. McGlashen (C.C.) 66 F. 537, whose holding it quoted as follows:

" * * * 'In an action on a forfeited recognizance, only a legal defense can be heard; and the fact that there was an

appearance or discontinuance after forfeiture is not a legal defense, *though it would constitute matter for application, under Rev.St. § 1020, to the court which adjudged the forfeiture, to have the penalty remitted.'*" (Empasis added).

See also Holmes v. State, Okl., 406 P.2d 270, 272, quoting Melton v. State, 46 Okl. 487, 149 P. 154, 155, and other cases. Notice also the discussion in State v. Hines, 37 Okl. 198, 131 P. 688, 690, in which United States v. Eldredge, 5 Utah 161, 13 P. 673, is quoted, as well as 8 Am.Jur.2d, "Bail and Recognizance", § 201, and the annotation at 78 A.L.R.2d 1180, 1183, which discusses, among other cases, People v. Oppenheimer, 147 Cal.App.2d Supp. 827, 305 P.2d 306. In the last cited case, the defendant's bail was forfeited in the Municipal Court of the Los Angeles Judicial District, and the appellate court said:

"*  *  *  The order denying a motion to set aside the forfeiture of bail *is an indispensible pre*requisite to an appeal by the defendant. The reason for this is obvious. The defendant does not present to the court his excuses for not appearing until he makes his motion to set aside the forfeiture. Then, for the first time, there is a record from which the appellate court can pass upon the validity of the order appealed from." (Emphasis added).

Petitioner calls our attention to the fact that the Municipal Court for the City of Shawnee is the creature of a particular statute, Tit. 11 O.S.1961, §§ 941–955, both inclusive, wherein it is provided, among other things, that it shall not be a court of record (§ 941), and its § 948 is as follows:

"Appeals may be taken in all criminal cases and in all civil cases from any final order or judgment of such court to the district or superior court of the county wherein such court is located by filing in such court within ten (10) days from the date of such order or judgment a good and sufficient bond, *in the same manner as is now provided by law for appeals from orders or judgments of jus-tices of the peace*; and by serving a notice of appeal upon the opposite party, or his attorney, if found within the county, provided that a *trial de novo shall be allowed* in the appellate court *on appeal* as in this section provided; provided that nothing in this Section or Act shall be construed to prevent the general proceedings of the *code of civil procedure for justice of the peace courts* from being *applicable* and the same shall apply in all cases where the provisions are consistent with and are not covered by the provisions of this act." (Emphasis added).

On the apparent premise that procedure in appealing from judgments of the justice of the peace courts of this State is applicable to appeals from Shawnee's Municipal Court, petitioner's further argument is to the effect that no motion to set aside said court's forfeiture order was a necessary prerequisite of his appeal from said court, to the district court, because justice of the peace procedure has no provision for such motions, and appeals from such judgments assume the character of trials de novo. In his argument, petitioner also cites our statute defining an "appealable" order, Tit. 12 O.S.1961, § 953, as if it supports his position; but the only case he cites, as to the appealability of an order in bond forfeiture proceedings, Dunn v. State, 65 Okl. 233, 166 P. 193, holds that a trial court's order *overruling a motion to vacate* a judgment of forfeiture is an appealable order, under said statute. On the contrary, in Manning v. State, 190 Okl. 65, 120 P.2d 980, which involved the forfeiture of a bond in a justice of the peace court, this court, after quoting the particular part of § 1108, supra, in question here, stated: "Under this section of our statute it seems indicated that the defendant first had to make application to set aside the order of forfeiture by excusing the nonappearance of the principal."

In view of the foregoing, we hold that a motion to set aside the bond forfeiture order, and a ruling thereon, in the Municipal Court of the City of Shawnee was a necessary prerequisite to petitioner's appeal to the district court. It therefore fol-

lows that his petition to that court for the writ of mandamus against the respondent judge of said municipal court, did not show a clear legal right to the writ. (Witt v. Wentz, 142 Okl. 128, 286 P. 796, syll. 2) and consequently the trial court's order and/or judgment refusing the writ was not error. Said judgment is therefore affirmed.

All the Justices concur.