[Crim. No. 2249.  Second Appellate District, Division Two.—October 6, 1932.]

In the Matter of the Application of HARRY GLICK for a Writ of Habeas Corpus.

A. Brigham Rose for Petitioner.

U. S. Webb, Attorney-General, John D. Richer, Deputy Attorney-General, Buron Fitts, District Attorney (Los Angeles County), and Tracy Chatfield Becker, Deputy District Attorney, for Respondent.

STEPHENS, J., *pro tem.*—This is a petition for the issuance of the writ of *habeas corpus* on behalf of one Harry Glick who is confined in the county jail or in the road camp under restraint of the sheriff of Los Angeles County.  Glick was charged by information of the crime of forgery in two counts.  One for forging a name to a bank check for $5 and

one for the sum of $25. He pleaded not guilty and not guilty by reason of insanity to both counts. When the cause was called for trial an amended information was filed which repeated the above charges but added two more based upon the same acts. The two new counts charged Glick with issuing checks without sufficient funds. He was arraigned on the amended information and Glick pleaded guilty to the counts charging issuing checks without sufficient funds and not guilty to the forgery charges. He then asked and received permission to file an application for probation. At this session of the court the judge presiding made it clear that the first information and the arraignment thereunder were entirely superseded by the so-called amended information and arraignment thereunder and both Glick and his counsel agreed thereto. Some question had been raised as to Glick's sanity but after hearing from a physician who had examined him the court remanded him to the sheriff.

At a later session the court ordered Glick to be examined for his sanity but upon being reminded that he had already been under observation ruled that Glick should be granted probation. The terms of probation were for five years, conditioned that the probationer should be "turned over to Dr. Moore for Dr. Moore to keep in his sanitarium. When Dr. Moore is satisfied that he should be released from the sanitarium that he communicate with the probation officer, who, in turn, will obtain a court order to that effect." The other counts to the information were then dismissed. No sentence was ever pronounced.

A few weeks after making the order of probation the court made the following order: "Dr. D. S. Moore having reported that defendant is cured, terms of probation are modified as follows: It is ordered that the next year of said probationary period, defendant shall serve at the county road camp." This order was made without notice to Glick or his attorney and neither was present when the order was made. Thereafter Glick's attorney moved to vacate the plea of guilty and to substitute therefor the plea of "not guilty" and "not guilty by reason of insanity". This was denied. He thereupon moved that Glick be released on bail and this motion was denied.

It is a certainty that the court believed Glick to be laboring under a mental difficulty, for he ordered him con-

fined by a physician in a private sanitarium for treatment. It is just as certain that the court believed him to be responsible for his criminal acts. The court was faced with a problem and solved it in a way that seemed the most humane. A borderline case, he accepted a guilty plea, mercifully saved him from a felon's cell by granting probation and provided treatment. Later he gave the offender a taste of punishment. The only part of this program that can be criticised from a legal standpoint is the requirement that the probationer be restrained in a sanitarium. This course might well be abused and we have no doubt but that it was error and does not meet with our approval. But it is too late to invoke this writ for that, as he is not now so confined.

The court had a right to amend or modify the terms of probation within limits, and the modification was within these terms. (Expressions, though probably *dictum,* in *People* v. *O'Donnell,* 37 Cal. App. 192 [174 Pac. 102], are illuminating.)

We conclude that there is no showing here that Glick is now illegally restrained of his liberty. Should there ever be any question as to his sanity a complaint may easily be laid and that issue tried. (Sec. 1367, Pen. Code; *People* v. *Scott,* 59 Cal. 341.) It can readily be seen by the language of this opinion that it would be profitless to comment specifically on the denial of the motions to substitute a plea and to be released on bail.

The petition that the writ of *habeas corpus* issue is denied.

Craig, Acting P. J., and Thompson (Ira F.), J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 21, 1932, and an application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 31, 1932.