[Crim. No. 1739.   First Appellate District, Division One.—February 16, 1934.]

THE   PEOPLE,   Respondent,   v.   HELEN   ROBERTS, Appellant.

Raine Ewell for Appellant.

U. S. Webb, Attorney-General, and Siebert L. Sefton, Deputy Attorney-General, for Respondent.

KNIGHT, J.—This is an appeal from an order modifying the conditions of probation theretofore granted appellant following her conviction on a charge of burglary.

The following are the circumstances leading up to the making of the order: Appellant, a young married woman who lived part of the time with her husband in Redwood City, was caught burglarizing a department store on Mission Street in San Francisco. She gained entrance during the night by lowering herself into the store from a dental office with a rope; but during her activities she fell and broke her ankle, and when the store was opened in the morning she was found hiding under a counter in possession of a number of articles of stolen merchandise. She pleaded guilty to the charge of burglary which was placed against her, and was granted unconditional probation for two years. Six weeks later she was caught burglarizing the Emporium in San Francisco. She entered the store before closing time on a Saturday evening and remained inside until Monday morning, collecting goods of the value of $390 from two floors, most of which she had packed in traveling cases stolen also from the store stock. On Monday morning she

was found concealed in the ladies' wash-room ready to walk out of the store with the packed traveling cases. Again she was charged with burglary, and when brought before the superior court, the order theretofore made releasing her on probation on the prior conviction was revoked and she was sentenced to imprisonment in the penitentiary. However, a stay of execution was granted for a week, and during that period it was ascertained that between the date of her release on probation in connection with the Mission Street store burglary and the time she was caught burglarizing the Emporium, she burglarized the Emporium on four other occasions. The first time was less than a week after her release on probation. At that time, as later, she entered the store before closing time on Saturday night and remained inside until the following Monday morning. She then walked out with the stolen goods and checked them at a near-by stage office. She entered the store again that evening before closing time and on Tuesday morning took out more stolen goods. She repeated those operations on Tuesday and Wednesday nights, and some time during Thursday she was driven home to Redwood City by her husband, taking much of the stolen property with her. Circumstances were revealed also tending to show that appellant's husband knew the property she brought home was not obtained honestly; but it appears he was not prosecuted because it was believed the evidence was insufficient to establish his guilt. Furthermore, it was developed that earlier in her career appellant had been an inmate of a state reform school. Despite the disclosure of the commission of these four additional burglaries, an order was made, on recommendation of the assistant district attorney, that the penitentiary sentence theretofore imposed be suspended for a period of five years on condition that for one year appellant remain in the Home of the Good Shepherd in San Francisco. She stayed there for three months, but her conduct became so demoralizing to the discipline of the institution that at the end of three months the management refused to allow her to remain any longer; whereupon she was again brought before the trial court and the order of probation was modified by annulling the condition that appellant remain in the Home of the Good Shepherd, and in lieu thereof a condition was imposed that appellant serve

one year in the county jail in the city and county of San Francisco; and it is from that order this appeal has been taken.

■ The point urged for reversal is that since appellant was detained in the Home of the Good Shepherd for approximately three months under the original order, the modified order requiring her to serve a year in the county jail was in effect the imposition of an increased and additional punishment in violation of ''a constitutional state and federal immunity, not to be twice imprisoned for the same offense, and not to receive double punishment for the same offense, and, violates due process of law''. There is no merit in the point.

■ Section 1203 of the Penal Code vests in a trial court broad and almost unlimited powers in dealing with probationers, in cases where the statute allows probation to be granted. Speaking generally, under its provisions the court may impose such conditions, including jail imprisonment or payment of a fine, as it may determine are fitting and proper to the end that justice may be done and for the rehabilitation of the probationer. Furthermore, if at any time during the probationary period, which may extend over the maximum term of imprisonment fixed by the statute as a punishment for the crime committed, the interests of justice so require, or the court in its judgment shall have reason to believe that the person so placed on probation is violating any of the conditions of his probation or engaging in criminal practices, or has become abandoned to improper associates or a vicious life, it may modify the conditions of probation or revoke the same entirely, and upon such revocation may, if the sentence has been suspended, pronounce judgment of imprisonment for any time within the longest period for which the · defendant might have been sentenced; or if judgment has been pronounced and the execution thereof suspended, it may revoke such suspension, whereupon the judgment shall be in full force and effect and the person shall be delivered over to the proper officer to serve his sentence. In other words, the jurisdiction of the trial court over the probationer is not exhausted when it imposes the original conditions of probation; but, on the contrary, at all times during the probationary period, it may exercise control over him, even to the

extent of revoking all previous orders and in felony cases commit him to the penitentiary. About the only limitation which seems to be placed upon the exercise of the trial court's power is that if "on final judgment" the court shall deem it just or necessary, in felony cases, to commit the probationer to the penitentiary, then and in that event any period of time which such probationer may have served in jail or other place of detention under the terms and conditions of his probation, shall be taken into consideration as a part of his punishment, and be deducted from such term of imprisonment.

Therefore, in the present case, the condition imposed by the trial court in its original order directing that appellant be confined in the Home of the Good Shepherd for one year was in no sense the pronouncement of a judgment of sentence as appellant seems to contend; it was merely the imposition of a condition of probation which, as pointed out, the court had power under said code section to change, modify or alter at any time during the probationary period.

The federal case emphasized by appellant in her brief is not in point for the reason that there the modified order complained of was made after the expiration of the probationary period; and neither of the other cases cited by her involved questions of probation.

The order appealed from is affirmed.

Cashin, J., and Tyler, P. J., concurred.