[Crim. No. 1796. First Appellate District, Division Two.—April 9, 1934.]

In the Matter of the Application of GEORGE HAZLETT for a Writ of Habeas Corpus.

Raine Ewell for Petitioner.

Matthew Brady, District Attorney, and John R. Golden, Assistant District Attorney, for Respondent.

STURTEVANT, J.—This is an application for a writ of *habeas corpus*. After being served with process William J. Fitzgerald, sheriff of the city and county of San Francisco, made a return on the writ in which he set forth the commitment under which he holds the petitioner. That commitment is in words and figures as follows:

"This cause came on regularly this day for judgment.

"The district attorney, Matthew Brady, by Harmon D. Skillen, assistant district attorney, with the defendant George Hazlett and his counsel Charles Taylor, came into court: The defendant George Hazlett was duly informed by the court of the information duly presented and filed against him on the 2nd day of October, 1928, by the district attorney of the city and county of San Francisco, charging said defendant with the crime of felony, towit: burglary; of his arraignment on the 10th day of October, 1928, and plea of guilty on the 13th day of October, 1928, and the order of court finding the degree to be second degree; of the order of court on the 10th day of November, 1928, granting him probation for a period of five years on condition that he serve a term of one and one-half years in the county jail; of the order of court on this the 21st day of November, 1930, modifying said order granting him probation for a period of five years by extending the period of probation from this date on condition that he serve a term of five years in the county jail.

"The defendant George Hazlett was then asked if he had any legal cause to show why judgment should not be pro-

nounced against him; to which defendant replied that he had none.

"And no sufficient cause being shown or appearing to the court, thereupon the court renders its judgment:

"That whereas, the said defendant George Hazlett having been duly convicted in this court of the crime of felony, towit: burglary, second degree,

"It is therefore ordered, adjudged and decreed that the said defendant George Hazlett be punished by imprisonment in the county jail of the city and county of San Francisco, state of California, for the term of five years, said sentence to run concurrently with the period of probation granted herein.

"The defendant George Hazlett was then remanded to the custody of the sheriff of the city and county of San Francisco, officer in charge of said county jail."

The petitioner claims that the order made on November 21, 1930, was in excess of the jurisdiction of the court.

Turning back to the order it will be noticed that during the probation term the trial court made an order extending the term. In doing so it did not exceed its jurisdiction. (*Ex parte Sizelove,* 158 Cal. 493 [111 Pac. 527].)

As a condition for making the original order the trial court imposed imprisonment in the county jail for one and one-half years. That term of imprisonment expired May 10, 1930. Nevertheless on November 21, 1930, the court so changed the order as to impose a new and second term of imprisonment for an additional term of five years commencing November 21, 1930. The case does not present an instance of an attempt to modify a condition contained in the probation order, but an attempt to add a new condition to said order. If the statute, Penal Code, section 1203, does not authorize such attempt the order of November 21, 1930, is void and the writ should issue. *Wilson* v. *Carr,* 41 Fed. (2d) 704, involved a set of facts parallel in all respects. The Circuit Court of Appeals for the Ninth District with great care set forth the provisions of our statute, and then it said: "By the original order granting probation, the appellant was committed to the county jail for the period of sixty days, and the statute confers no express authority upon the court to again commit him for a period of one year, or any other period. It

would seem equally certain that no such authority can be implied.''

The application is granted and the petitioner is discharged.

Nourse, P. J., and Spence, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 7, 1934.