[Crim. No. 327.   Fourth Appellate District.—January 21, 1936.]

In the Matter of the Application of MICHAEL J. MARCUS for a Writ of Habeas Corpus.

Julian Thurston for Petitioner.

Thomas Whelan, District Attorney, and Harold P. Curtis, Deputy District Attorney, for Respondent.

BARNARD, P. J.—The petitioner seeks his release from custody on a writ of *habeas corpus*.   He was charged with the commission of three separate felonies and pleaded guilty to each charge.   His application for probation was granted, the same to run concurrently on all three charges, and he was placed on probation for three years beginning August 16, 1935, with the condition that the first sixty days of that period be spent in the county jail of San Diego County. On September 27, 1935, a so-called modified order was entered by the court purporting to modify the original order granting probation by requiring him to spend one year in the county jail beginning on August 16, 1935, in lieu of the former term of sixty days.

The only point raised is that the modified order entered on September 27, 1935, was in excess of the court's jurisdiction and that the same is null and void because the court was without power to change the length of the jail term as fixed in the original order. It is, therefore, argued that since the petitioner has now been confined in jail for a time in excess of that named in the original order he has complied with the only condition which the court had the power to make in that connection and is entitled to a discharge.

The petitioner relies on the case of *In re Hazlett*, 137 Cal. App. 734 [31 Pac. (2d) 448], as decisive of the question now before us and argues that the change here made must be regarded not as a modification of the original order granting probation, but as an attempt to add a new condition thereto, and that the same is void.

In the order involved in the case just referred to the court extended the period of probation and at the same time pronounced judgment and sentence, the sentence to run concurrently with the period of probation. The order also had the effect of adding another term in jail as a new condition after a condition of the same kind and character imposed in the original order had been fully complied with. It was there held that while the court had the power to extend the term of probation it could not impose another term in jail as a new condition after the original condition of that nature had been fully complied with. Nothing further was there decided and we think this case may not be taken as holding that a condition in an order granting probation, requiring a portion of the time to be spent in jail, may not be modified by extending the period to be thus served when such change is made before the original condition has been fully complied with.

Section 1203 of the Penal Code, upon which the power of the court in such a matter is based, includes the following: "The court shall have power at any time during the term of probation to revoke or modify its order of suspension of imposition or execution of sentence." In *Ex parte Sizelove*, 158 Cal. 493 [111 Pac. 527], it was held that the power to modify the order, thus conferred, includes the power to enlarge the probationary term at any time before that term has expired. The power to modify, given by the statute, applies generally to the order granting probation and is not limited to the term

of probation. If the order granting probation may be modified by enlarging the term at any time before the original term has expired, we see no reason why other conditions imposed may not be modified by enlarging the same if this is done before such conditions have been fully complied with. This was done in the case of *In re Glick*, 126 Cal. App. 649 [14 Pac. (2d) 796], where a condition requiring an indefinite confinement in a sanitarium was so changed as to provide for a definite term in jail. In that case the court said: "The court had a right to amend or modify the terms of probation within limits, and the modification was within these terms." A similar course was approved in the case of *People* v. *Roberts*, 136 Cal. App. 709 [29 Pac. (2d) 432], where an original condition requiring the defendant to remain in a certain home for a period of one year was, at the end of three months, modified by substituting a condition requiring confinement in the county jail for a period of one year.

We think the order here complained of was a modification of the original order and not the imposition of a new condition within the meaning of this statute as thus far interpreted in the decisions. The court has power to modify its order under proper circumstances and within reasonable limits, and nothing here appears to show that the change here made exceeded such limits or that it was not warranted by the circumstances. It follows that the court did not exceed its jurisdiction in modifying its order by enlarging this particular condition before that portion of the original order had been fully complied with.

The writ is discharged and the petitioner remanded.

Marks, J., and Jennings, J., concurred.