280 So.2d 518 (1973)
Robert WILLIAMS, Appellant,
v.
The STATE of Florida, Appellee.
No. 73-40.
District Court of Appeal of Florida, Third District.
July 10, 1973.
*519 Phillip A. Hubbart Public Defender, and Bennett H. Brummer, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Peter F. LaPorte, Asst. Atty. Gen., for appellee.
Before PEARSON and HENDRY, JJ., and MELVIN, WOODROW M., Sr., Associate Judge.
MELVIN, WOODROW M., Sr., Associate Judge.
The appellant herein pleaded guilty to breaking and entering a dwelling, resulting in an adjudication of guilty, a sentence to one year in the County jail and thereafter to be placed on probation for a period of two years. On November 2, 1972, subsequent to serving his jail time but within the probationary period, the appellant was charged with violation of conditions of probation. A hearing thereon resulted in the appellant being adjudged guilty of violating his probation; probation was revoked and the appellant was sentenced to two years in the State penitentiary.
There appears to be a fundamental jurisdictional problem on the face of this record i.e., the power of the trial judge to impose probation upon the appellant subsequent to the completion of serving the maximum term allowable by law in the County jail. As this is fundamental error apparent on the record, it is reviewable by this court sua sponte, notwithstanding the failure of the appellant to raise the issue in the trial court or before this court. Florio v. State ex rel. Epperson, Fla.App. 1960, 119 So.2d 305; Ware v. State, Fla.App. 1970, 231 So.2d 872.
It is apparent from the record that the trial court, having adjudicated the appellant guilty of a felony punishable by imprisonment in the State penitentiary, elected to sentence the appellant to the County jail pursuant to the provisions of § 922.051, Fla. Stat.[1], F.S.A., which provides for a maximum sentence of one year. Dade County v. Baker, Fla. 1972, 265 So.2d 700; see also J. Carroll's dissent in Dade County v. Baker, Fla.App. 1972, 258 So.2d 511, 512. Thereupon, the trial court placed the appellant on probation pursuant to the authority of § 948.01(4), Fla. Stat., F.S.A., which reads as follows:
* * * * * *
"(4) Whenever punishment by imprisonment in the county jail is prescribed, the court, in its discretion, may at the time of sentencing direct the defendant to be placed upon probation upon completion of any specified period of such sentence. In such case, the court shall stay and withhold the imposition of the remainder of sentence imposed upon the defendant, and direct that the defendant be placed upon probation after serving such period as may be imposed by the court." [emphasis added]
The probation portion is a nullity and is void. The language of § 948.01(4), Fla. Stat., F.S.A., makes it clear that in order to impose a valid term of probation the trial court must withhold imposition of a portion of the sentence imposed upon the defendant. In the case sub judice, the trial court sentenced the appellant to [and he has served] the maximum sentence permissible by law. Dade County v. Baker, Fla. 1972, 265 So.2d 700; § 922.051, Fla. Stat., F.S.A. There is no time left for the appellant to serve and there has been no portion of the sentence withheld. Therefore, no time remains on the sentence which is necessary to permit probation to be imposed, and the order of probation is null and void.
Inasmuch as the probationary portion of the sentence is a nullity, all acts taken pursuant *520 thereto, including the order of revocation of probation appealed herein, are nullities and of no force and effect.
Therefore, the order appealed is hereby reversed and the cause remanded to the trial court, with directions to discharge the appellant.
Reversed and remanded with directions.
NOTES
[1] 922.051 Imprisonment in county jail, term one year or less
"When a statute expressly directs that imprisonment be in a state prison, the court may impose a sentence of imprisonment in the county jail if the total of the prisoner's cumulative sentences is not more than one year."