286 So.2d 244 (1973)
Victor Edward HUTCHINS, Appellant,
v.
The STATE of Florida, Appellee.
No. 72-1493.
District Court of Appeal of Florida, Third District.
November 6, 1973.
Rehearing Denied December 20, 1973.
*245 Phillip Hubbart, Public Defender, and Mark King Leban, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and William L. Rogers, Asst. Atty. Gen., for appellee.
Before CHARLES CARROLL, HENDRY and HAVERFIELD, JJ.
CARROLL, Judge.
The appellant was informed against, tried by a jury and convicted of unlawful possession of a narcotic drug, a felony. See §§ 398.03 and 398.22, Fla. Stat., F.S.A. The sentence imposed was that the defendant be imprisoned in the Dade County jail for a period of ten months, and thereafter to be on probation for a period of three years. The defendant filed this appeal from the judgment and sentence.
By a pretrial order reciting that it had been ascertained by the court that Melvin Brewer, a laboratory technician whose testimony was desired to be presented by the state at trial, would be "unavailable to appear at the Courthouse for the taking of his testimony in the above styled cause on the date set for trial," the court made provision for the testimony of said witness to be obtained and preserved by being taken and recorded on video tape. The order included details respecting the taking of the deposition by video tape, with direction that it be so taken in duplicate in order for a copy to be made available to counsel for the defendant, with provision for presence of the defendant and his counsel, and directions for the preservation and security of the master tape for presentation at trial.
Objections thereto by the defendant were considered and denied. They did not include a challenge or objection to the finding as to unavailability of the witness for testimony at trial.
The provision for the commission for the taking and preservation of the testimony of the witness was made pursuant to Rule 3.190(j) Cr.P.R., 33 F.S.A. In subparagraph (5) thereof it is stated that, except as otherwise provided for, the rules governing the taking and processing of *246 oral depositions in civil actions shall apply in criminal cases. Civil Procedure Rule 1.310, 30 F.S.A., dealing with depositions upon oral examination, in subsection (c) [relating to record of examination] provides: "The testimony shall be recorded verbatim stenographically or by mechanical means and transcribed unless the parties agree otherwise."
It will be noted that while the provision last referred to authorizes the deposition testimony of a deponent to be taken or recorded by mechanical means, the rule appears to contemplate that the record thereof when so taken will be transcribed (for subsequent use at trial as if recorded stenographically). The difference in the instant case is that the deposition testimony taken by video tape was not submitted at trial in transcribed form, but was presented in the form of the video tape recording.
The appellant contends such video tape presentation of the evidence was prejudicial error because there was no authority or precedent for the preservation and presentation of the testimony by video tape, and because by its use the defendant was deprived of his right to confront the witness at time of trial. In response thereto the state argues that notwithstanding absence of express precedent or authority to present the testimony in that manner, no harmful error resulted since it accurately portrayed the testimony as given. By the presence of the defendant and his counsel at the deposition, the right of confrontation and cross-examination was available there. The state points out that the defendant would have been equally deprived of the right of confrontation at time of trial if the deposition testimony had been reported stenographically and presented in transcribed form. Additionally, the state argues that the presentation of testimony by video tape, rather than by written transcription, enabled the trier of fact to better judge the credibility of the witness, by affording opportunity to observe the manner and demeanor of the witness while testifying.
If the previously taken and preserved testimony of the witness, unable to be present was admissible at the trial, it has not been shown how its submission by video tape, as distinguished from a written transcription of the questions and answers, resulted in harmful error. Where not otherwise prejudicial, the use of sound moving pictures, as a scientific advance in presentation of evidentiary matter at trials, has generally been viewed with approval. See Cox v. State, Fla.App. 1969, 219 So.2d 762; Paramore v. State, Fla. 1969, 229 So.2d 855; People v. Hayes, 21 Cal. App.2d 320, 71 P.2d 321; Commonwealth v. Roller, 100 Pa.Super. 125.
Accordingly, we affirm the judgment of conviction, but we find error in the sentence, in the respect set out below.
No contention of invalidity of the sentence was argued in the brief. However, we regard an illegal sentence, or illegal part of a sentence, where it appears on an appeal, to be a matter within the scope of appellate review under Rule 6.16 F.A.R. 32 F.S.A., wherein it is provided: "The court may also in its discretion, if it deems the interests of justice to require, review any other things said or done in the cause which appear in the appeal record, including instructions to the jury."
Here the portion of the sentence which made provision for probation for a period of three years, to follow after the serving of the ten month sentence in the county jail, was unauthorized and improper, for the reasons set out in Williams v. State, Fla.App. 1973, 280 So.2d 518. In Williams it was pointed out that the authority granted by § 948.01(4) Fla. Stat., F.S.A. to add a period of probation to be combined with a jail sentence was to provide for the defendant to be placed on probation "upon completion of any specified period of such sentence." Thus, where a court in sentencing a defendant to imprisonment for a designated period in the county jail provides that after serving a stated portion thereof the defendant should *247 be on probation for some period, the penalty for a violation of probation would call for return of the defendant to the county jail for the unserved balance of the jail sentence, or such part thereof as the court should determine. The statute did not make provision for adding a period of probation to follow service of the term [in this case ten months] for which the defendant was committed to the county jail.
The judgment is affirmed. The sentence is modified to eliminate therefrom the provision for probation.
It is so ordered.