286 So.2d 269 (1973)
Kenneth Winston METCHIK, Appellant,
v.
The STATE of Florida, Appellee.
No. 73-455.
District Court of Appeal of Florida, Third District.
November 20, 1973.
Rehearing Denied December 19, 1973.
*270 William M. Moran, Miami, for appellant.
Robert L. Shevin, Atty. Gen., Joel D. Rosenblatt, Asst. Atty. Gen., and Gary M. Carman, Legal Intern, for appellee.
Before BARKDULL, C.J., and PEARSON and CARROLL, JJ.
PER CURIAM.
The appellant pleaded guilty to two counts, each charging that he did on separate occasions "unlawfully and feloniously sell, barter, exchange or give a certain drug, to wit: cannabis" in violation of Fla. Stat. § 404.02, F.S.A. He was adjudged guilty of the commission of a felony on each count and sentenced to serve one year in the county jail and eighteen months thereafter on probation.
On this appeal, he urges that he was improperly adjudged guilty of the felonies because under the language of the information he could have been guilty only of possession of the drug and a gift of it to another, and that in the absence of an allegation of the amount of the drug possessed by him, the charges are properly for misdemeanors only. See Collins v. State, Fla.App. 1972, 271 So.2d 156.
We hold that no error is presented because the record clearly shows that appellant bargained a plea to two counts charging felonies.[1] The most that can be said against the information is that it might have been subject to an attack for vagueness. Such an attack comes too late after a plea of guilty. Cf. Tracey v. State, Fla. 1961, 130 So.2d 605.
This court, upon examination of the record, noted the illegality of the sentence imposed. A sentence may not be imposed for the maximum term of one year in the county jail and be followed by a period of probation for eighteen months. See Fla. Stat. § 948.01(4), F.S.A.; Hutchins v. State, Fla.App. 3rd 1973, 286 So.2d 244. Cf. Williams v. State, Fla.App. 1973, 280 So.2d 518.
We therefore affirm the judgment and modify the sentence by eliminating the provision for probation.
Affirmed in part and reversed in part.
NOTES
[1] The following colloquy between the court and the defendant is representative of the questions asked by the court:

"The Court: I appreciate your motion. Mr. Metchik, you indicated through your attorney, Mr. Moran, your desire to plead guilty to two counts of sale of marijuana, a felony in the State of Florida, is that correct?
Defendant Metchik: That's correct.
The Court: Do you understand each of these counts is a felony of which the Court could sentence you to a maximum of five years in the State Penitentiary or a total of 10 years, you understand that?
Defendant Metchik: Yes, sir.
The Court: All right, sir." [Emphasis supplied]