287 So.2d 347 (1973)
Horace CLEVELAND, Appellant,
v.
The STATE of Florida, Appellee.
No. 73-477.
District Court of Appeal of Florida, Third District.
December 4, 1973.
Rehearing Denied January 18, 1974.
*348 Hacker & Phelps, Miami, for appellant.
Robert L. Shevin, Atty. Gen., and Joel D. Rosenblatt, Asst. Atty. Gen., for appellee.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
PER CURIAM.
Defendant-appellant was informed against for unlawful possession of blank, stolen, or counterfeit driver's licenses [in violation of Fla. Stat. § 322.212(1), F.S.A.], was tried non-jury, found guilty and sentenced to six months in the Dade County Jail, plus a one (1) year period of probation thereafter.
On appeal, defendant first contends that the trial court erred in denying his motion to suppress (the blank driver's licenses) on the grounds that the search warrant authorized the seizure of gambling paraphernalia only. We disagree.
The police officers, armed with a valid search warrant, were lawfully on the premises. We find the search in the case sub judice was lawful and continuous and the fruits thereof [i.e. the blank driver's licenses] were admissible. See Partin v. State, Fla.App. 1973, 277 So.2d 847.
We have considered also appellant's second point on appeal and find that to be lacking in merit.
Accordingly, we affirm the judgment of conviction, but we find error in the sentence in the respect set out below.
No contention of invalidity of the sentence was argued in the brief. However, we regard an illegal sentence, or illegal part of a sentence, where it appears on appeal to be a matter within the scope of appellate review pursuant to FAR 6.16, 32 F.S.A., which provides in part: "The court may also in its discretion, if it deems the interests of justice to require, review any other things said or done in the cause which appear in the appeal record, including instructions to the jury."
Here the portion of the sentence which made provision for probation for a one (1) year period, to follow after the serving of the six months in the county jail, was unauthorized and improper for the reasons set out in Williams v. State, Fla.App. 1973, 280 So.2d 518. In Williams it was pointed out that the authority granted by Fla. Stat. § 948.01(4), F.S.A. to add a period of probation to be combined with a jail sentence was to provide for the defendant to be placed on probation "upon completion of any specified period of such sentence." Thus, for example, where a court in sentencing a defendant to imprisonment for a designated period in the county jail provides that after serving a stated portion of that designated period, defendant shall be on probation for *349 some period, the penalty for a violation of probation would call for return of the defendant to the county jail for the unserved balance of the jail sentence, or such part thereof as the court should determine. The statute did not make provision for adding a period of probation to follow service of the term [in the instant case six months] for which the defendant was committed to the county jail.
The judgment is affirmed. The sentence is modified to eliminate therefrom the provision for probation.
It is so ordered.