287 So.2d 745 (1974)
Roy L. McNeill, Appellant,
v.
The STATE of Florida, Appellee.
No. 73-1003.
District Court of Appeal of Florida, Third District.
January 8, 1974.
Phillip Hubbart, Public Defender, and Steven Rappaport, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and William L. Rogers, Asst. Atty. Gen., for appellee.
Before HENDRY and HAVERFIELD, JJ., and MARTIN, HENRY F., Jr., Associate Judge.
PER CURIAM.
Defendant-appellant seeks review of an order of revocation of probation and a sentence to one year in the Dade County jail followed by a one year term of probation.
On February 13, 1970 the defendant was adjudicated guilty of the crime of uttering worthless checks and placed on probation for 18 months, commencing as of the above date. The trial court on July 9, *746 1971 issued a warrant for the defendant's arrest based upon an affidavit of violation of probation wherein it was alleged that defendant had violated condition (B) of his probation, to wit: failure to submit to his supervisor the required monthly reports. The warrant remained unexecuted until June 16, 1973. Defendant's probation supervisor on June 29, 1973 filed an amended affidavit of violation of probation which in addition to violation of condition (B) above, also contained an allegation of violation of condition (K), failure to make restitution on some checks. A hearing was held on the violation of probation charges on July 3, 1973, and thereafter the trial judge sentenced appellant to one year in the county jail to be followed by a one year period of probation.
Appellant first contends that the trial court was without jurisdiction to entertain an application of revocation of probation after the expiration of the term of probation.
Where the warrant for the defendant's arrest because of the violation of probation is issued within the period of probation as in the case sub judice, the court does not lose jurisdiction of a defendant by termination of his period of probation, but has the authority to sentence him for the offense of which he was convicted even though the arrest warrant is not served until a date subsequent to termination of probation. Carroll v. Cochran, Fla. 1962, 140 So.2d 300. Thus, this argument of appellant must fail.
Appellant secondly contends that the trial court erred in imposing the sentence of one year in jail, to be followed by one year of probation.
There is merit in this contention. Clearly the sentence is excessive. See Williams v. State, Fla.App. 1973, 280 So.2d 518. Therefore, that portion of the sentence which sentences the appellant to a probationary period is stricken. The order revoking probation is affirmed; the sentence is modified and as modified is affirmed.
Affirmed.