290 So.2d 122 (1974)
Cleveland BRYANT, Appellant,
v.
The STATE of Florida, Appellee.
No. 73-1167.
District Court of Appeal of Florida, Third District.
February 19, 1974.
Rehearing Denied March 13, 1974.
Phillip A. Hubbart, Public Defender, and Steven Rappaport, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Joel D. Rosenblatt, Asst. Atty. Gen., for appellee.
Before BARKDULL, C.J., and CARROLL and HAVERFIELD, JJ.
PER CURIAM.
Defendant-appellant was informed against and pled guilty to (1) grand larceny and (2) carrying a concealed firearm. He was sentenced to 88 days in the Dade County Jail plus five years probation thereafter on the first count, and 23 days in the county jail and five years probation thereafter on the second charge. Subsequently, an affidavit of probation violation was filed and a hearing held thereon. The court revoked appellant's probation and sentenced him to serve 18 months in the state penitentiary.
Defendant-appellant raises two points on appeal neither of which necessitates the court's consideration as the original sentences imposed in the case sub judice are patently illegal.
This court repeatedly has made it absolutely clear that a designated sentence to the county jail followed by a period of probation is not authorized by Fla. Stat. § 948.01(4), F.S.A. See Williams v. State, Fla.App. 1973, 280 So.2d 518; Hutchins v. *123 State, Fla.App. 1973, 286 So.2d 244; Cleveland v. State, Fla.App. 1973, 287 So.2d 347; Kohn v. State, Fla.App. 1974, 289 So.2d 48.
Accordingly, the provisions in the original sentences for probation are stricken and hence the order revoking probation and sentence of 18 months in the state penitentiary for violation thereof is hereby reversed.
Reversed.