293 So.2d 743 (1974)
Milton C. REYNOLDS, Appellant,
v.
The STATE of Florida, Appellee.
No. 73-1096.
District Court of Appeal of Florida, Third District.
April 16, 1974.
Rehearing Denied May 22, 1974.
*744 Phillip A. Hubbart, Public Defender, and Mark King Leban, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Stephen V. Rosin, Asst. Atty. Gen., for appellee.
Before BARKDULL, C.J., and HENDRY and HAVERFIELD, JJ.
HENDRY, Judge.
This is an appeal from a pro se motion to vacate filed pursuant to Florida CrPR 3.850, 33 F.S.A., which was denied by the trial court.
On August 27, 1971, appellant was arraigned on two charges, auto theft and grand larceny. Appellant pleaded guilty to count two, grand larceny, and count one of the information was dismissed. Thereupon, the court adjudicated the appellant guilty and sentenced him to six months incarceration in the Dade County Jail, and thereafter two years on probation.
On March 30, 1972, appellant was rearrested and subsequently convicted for robbery and grand larceny. He was given two sentences of three and one-half years, to run concurrently, on these latter charges. Thereafter, on May 3, 1973, appellant's probation supervisor filed an affidavit of violation of probation stating that by virtue of the subsequent arrests and convictions appellant had violated condition "H" of his probation, to-wit: to "live and remain at liberty without violating any law."
On May 17, 1973, a probation violation hearing was held before Circuit Court Judge Alfonso Sepe at which time appellant's probation was revoked, and he was sentenced to five years in the State Penitentiary. On May 22, 1973, appellant filed his pro se motion in the trial court alleging that he was not given any type of suspended sentence and therefore his revocation of probation exposed him to double jeopardy. The motion was denied, and appellant instituted this appeal.
In accordance with this court's holdings in Williams v. State, Fla.App. 1973, 280 So.2d 518; Hutchins v. State, Fla.App. 1973, 286 So.2d 244; Mylks v. State, Fla.App. 1973, 285 So.2d 434, and other cases, we reverse. The sentence imposing six months in the county jail, absent the suspension of any portion thereof, to be followed by two years on probation, was clearly in violation of Fla. Stat. § 948.01(4), F.S.A.[1]
The state in this case, however, argues that our previous construction of Section 948.01(4) in Williams and particularly in Hutchins is inconsistent with Section 948.06(1)[2] which provides that upon a violation of probation the court may "impose any sentence which it might have originally *745 imposed before placing the probationer on probation."
The state cites the following language from Hutchins v. State, supra:
"Thus, where a court in sentencing a defendant to imprisonment for a designated period in the county jail provides that after serving a stated portion thereof the defendant should be on probation for some period, the penalty for a violation of probation would call for return of the defendant to the county jail for the unserved balance of the jail sentence, or such part thereof as the court should determine." (286 So.2d pp. 246-47).
The state contends that when Section 948.01(4) is read in pari materia with Section 948.01(6), the conclusion must be reached that upon violation of his probation, the court may sentence a defendant to the full extent that the law provides for the offense for which the defendant was originally convicted. See Crossin v. State, Fla.App. 1971, 244 So.2d 142.
Therefore, according to the state's reasoning, the appellant in the instant case originally pleaded guilty to grand larceny for which he might have been sentenced to five years in prison. For violating his probation, the trial court was justified in imposing a maximum five year sentence on the appellant which the court could have initially imposed (although the appellant already had actually served a six-month jail term on the same charge).
The state also presents two public policy arguments in support of its contention. First, the state points out that our holding in Hutchins leaves a trial judge with only the alternative of imposing (1) a one-year maximum sentence to county jail with or without probation thereafter, or (2) a sentence to state prison. The state submits that such a situation may result in many undeserved sentences to the state penitentiary where the trial court might otherwise feel that probation alone may be too lenient, but that a term in county jail followed by probation, which if violated could bring an even more stringent sentence, would be proper.
Second, the interpretation of Section 948.01(4) advanced by the state would permit the trial court to give a defendant a "taste of jail" (up to a maximum one-year in county jail) prior to placing him on probation and would therefore decrease the likelihood that the defendant would violate the terms of his probation.
The state argues that Section 948.01(4) has lost its reason to exist if the defendant realizes that after tasting jail time he can only be re-sentenced up to the amount of time which the trial court originally withheld from his designated sentence and cannot be sentenced to a more severe term of imprisonment.
However, in our view the state's contention fails to reconcile the provisions of Section 948.01(4) with Fla. Stat. § 922.051, F.S.A. which provides:
"When a statute expressly directs that imprisonment be in a state prison, the court may impose a sentence of imprisonment in the county jail if the total of the prisoner's cumulative sentences is not more than one year." [Emphasis supplied.]
As we interpret this statute, once the trial court sentences a defendant, (who may under a statutory violation with which he is charged be sentenced to state prison) to a term in the county jail, the sentence may run for a period of not longer than one year.
The state cites Dade County v. Baker, Fla. 1972, 265 So.2d 700 (adopting Judge Carroll's dissenting opinion in this court's opinion reported at 258 So.2d 511) in which the Florida Supreme Court stated that under Section 922.051, a trial judge may impose the maximum one-year term on one charge and a sentence to probation on another charge.
*746 This is quite different from a situation wherein the court imposes sentence only on a single charge. In that event, we do not think the trial court may properly expose the defendant to a term in excess of one year in jail, after previously sentencing the defendant to a jail term in county jail followed by probation.
Moreover, on the facts of the instant case we think it is clear that since the trial judge did not suspend any part of the designated six-month term in county jail which he imposed, the sentence to probation under Section 948.01(4) was void ab initio, and the court lacked jurisdiction to revoke probation and impose a new jail sentence. Ware v. State, Fla.App. 1970, 231 So.2d 872; Williams v. State, supra.
Therefore, for the reason stated and upon the authorities cited and discussed, the denial of appellant's motion to vacate is hereby reversed, and the appellant is discharged as to the sentence which followed his revocation of probation.
Reversed.
NOTES
[1] Section 948.01(4) provides as follows:

"(4) Whenever punishment by imprisonment in the county jail is prescribed, the court, in its discretion, may at the time of sentencing direct the defendant to be placed on probation upon completion of any specified period of such sentence. In such case, the court shall stay and withhold the imposition of the remainder of sentence imposed upon the defendant, and direct that the defendant be placed upon probation after serving such period as may be imposed by the court."
[2] Section 948.06(1), in pertinent part, provides:

"... The court, upon the probationer being brought before it, shall advise him of such charge of violation and if such charge is admitted to be true may forthwith revoke, modify or continue probation and, if revoked, shall adjudge the probationer guilty of the offense charged and proven or admitted, unless he shall have previously been adjudged guilty, and impose any sentence which it might have originally imposed before placing the probationer on probation."