298 So.2d 540 (1974)
Raymond Lonnie LEWIS, Appellant,
v.
STATE of Florida, Appellee.
No. 74-221.
District Court of Appeal of Florida, Fourth District.
August 9, 1974.
Richard L. Jorandby, Public Defender, and H. Joseph McGuire, Asst. Public Defender, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Stephen R. Koons, Asst. Atty. Gen., West Palm Beach, for appellee.
WALDEN, Judge.
This is a felony case. The possible maximum penalty for the offense was a term of five years in the state prison. Defendant plead guilty. Adjudication and sentence was withheld. Instead, defendant was placed on five years' probation with condition (q) thereof being:
"(q) Aforesaid shall spend ten (10) months in the Orange County Correction Facility, with credit for time served... ."
Things went along and, while serving the ten months, the defendant escaped. Defendant was apprehended and his probation revoked. With this, defendant was adjudicated to be guilty of the originally charged felony and he was sentenced to a term of five years in the state prison with credit for time served. He appeals from the order revoking probation. We affirm.
There is one pivotal point underlying our decision, it being expressed as the point on appeal:
Whether the order withholding adjudication of guilt and placing appellant on probation for five years, on the condition that he first spend ten months in the Orange County jail, was null and void.
Appellant relies upon Williams v. State, 280 So.2d 518 (3d D.C.A. Fla. 1973), and *541 subsequently mentioned cases for the proposition that the probation order was void.
In Williams v. State, supra, there was an adjudication of guilt as concerns the crime charged and a sentence was thereafter duly imposed. The sentence consisted of one year imprisonment in the County Jail, plus two years of probation. The court held that the probationary period of the sentence was void. This decision was based upon an interpretation of F.S. § 922.051 (1971) and F.S. § 948.01(4) (1971). The first of these statutes allows a defendant to be imprisoned in the County Jail for an offense for which he could be sent to the State Prison. Importantly, though, it limits the County Jail sentence to one year. The second of the above mentioned statutes, F.S. § 948.01 (1971)[1] provided that a defendant may be "placed on probation upon completion of any specified period of such sentence [in the County Jail]." And so in Williams v. State, supra, the court said:
"The language of 948.01(4) Fla. Stat., F.S.A., makes it clear that in order to impose a valid term of probation the trial court must withhold imposition of a portion of the sentence imposed upon the defendant." Id. at 519.
and held that the probationary period could only be within the one year sentence.
Williams was followed by Bryant v. State, 290 So.2d 122 (3d D.C.A. Fla. 1974); Harris v. State, 288 So.2d 552 (3d D.C.A. Fla. 1974); Kohn v. State, 289 So.2d 48 (3d D.C.A. Fla. 1974); McNeill v. State, 287 So.2d 745 (3d D.C.A. Fla. 1974); Reynolds v. State, 293 So.2d 743 (3d D.C.A. Fla. 1974); Cleveland v. State, 287 So.2d 347 (3d D.C.A. Fla. 1973); Hutchins v. State, 286 So.2d 244 (3d D.C.A. Fla. 1973); Metchik v. State, 286 So.2d 269 (3d D.C.A. Fla. 1973); Mylks v. State, 285 So.2d 434 (3d D.C.A. Fla. 1973).
Each of the above cases reflects a sequence of events where the defendant was adjudged to be guilty of the crime charged. A sentence was then imposed, a portion of the sentence being probation. It is our judgment that the above cases are markedly distinguishable from the instant facts. Here, as earlier reflected, there was no adjudication of guilt and there was no imposition of sentence. And it is for this reason that we determine them to be non-applicable and non-dispositive of the instant appeal.
What is the propriety of imposing probation in the first instance with a condition thereof being a period of imprisonment? Normally and by its very nature probation is discipline under supervision without incarceration. Phillips v. United States, 212 F.2d 327 (8th Cir.1954); See Martin v. State, 243 So.2d 189 (4th D.C.A. Fla. 1971); 24 C.J.S. Criminal Law § 1618 (3) (1961). However, there is authority for the proposition that a court may impose jail time during the probationary period as a condition of the probation. Ex parte Hazlett, 137 Cal. App. 734, 31 P.2d 448 (1934); See People v. Fisher, 237 Mich. 504, 212 N.W. 70 (1927); 24 C.J.S. Criminal Law § 1618(8) (1961). In State v. Williams, 237 So.2d 69 (2d D.C.A. Fla. 1970) the court held that F.S. 948.03 was sufficiently broad so as to allow imposition of intermittent imprisonment as a condition of probation. The defendant was required to spend sixty days in jail each year of his twenty year probation.[2]Cf. Sanders v. State, 268 So.2d 553 (2d D.C.A. Fla. 1972).
The statute in question grants broad discretion to courts in determining the conditions of probation:
"948.03 Terms and conditions of probation

*542 * * * * * *
"(2) The enumeration of specific kinds of terms and conditions shall not prevent the court from adding thereto such other or others as it considers proper. The court may rescind or modify at any time of the terms and conditions theretofore imposed by the court upon the probationer."
It is our conclusion that the order withholding adjudication of guilt and placing appellant on probation for five years, on the condition that he first spend ten months in the Orange County Jail, was valid and in acceptable accord with the law of this state.
Affirmed.
MAGER and DOWNEY, JJ., concur.
NOTES
[1] Rev's Ch. 74-112, eff. July 1, 1974.
[2] The court said:

"As we have stated before, payment of a fine and intermittent imprisonment are usually not thought of as conditions of probation. However, Fla. Stat. § 948.03(2) is sufficiently broad to allow imposition of such conditions." 237 So.2d at 70.