304 So.2d 146 (1974)
James P. DURHAM, Appellant,
v.
The STATE of Florida, Appellee.
No. 74-640.
District Court of Appeal of Florida, Third District.
November 5, 1974.
Rehearing Denied December 19, 1974.
Phillip A. Hubbart, Public Defender, and Steven Rappaport, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., Linda C. Hertz, Asst. Atty. Gen., and Elliot H. Scherker, Legal Intern, for appellee.
Before PEARSON, HENDRY and NATHAN, JJ.
NATHAN, Judge.
Defendant-appellant seeks review of a sentence to five years in the state penitentiary imposed by the court pursuant to conviction for breaking and entering and petit larceny.
Defendant was informed against for breaking and entering and petit larceny, was tried by jury, found guilty on both counts, and sentenced to five years probation with a condition of one year in the county jail. Defendant contended that this was an illegal sentence, and upon hearing the motion to correct the illegality, the court vacated the sentence and changed it to five years imprisonment in the state penitentiary.
On appeal, the defendant argues that it was error for the court to impose a harsher sentence upon the motion to correct the illegal sentence, and that such action violates the defendant's right to due process of law and creates a "chilling effect" on persons lawfully challenging illegal sentences.
The original sentence is illegal because that portion providing for a five (5) year probation period on the condition of one year in the county jail, was unauthorized and improper for the reasons set out in *147 Williams v. State, Fla.App. 1973, 280 So.2d 518. In Williams, it was pointed out that the authority granted by Fla. Stat. § 948.01(4), 24 F.S.A., to add a period of probation to be combined with a jail sentence was to provide for the defendant to be placed on probation "upon completion of any specified period of such sentence." Thus, for example, where a court in sentencing a defendant to imprisonment for a designated period in the county jail, provides that after serving a stated portion less than that designated period, defendant shall be on probation for some period, the penalty for violation of probation would call for return of the defendant to the county jail for the unserved balance of the jail sentence, or such part thereof as the court should determine. The statute did not make provision for adding a period of probation to follow service of the term (in the instant case one year) for which the defendant was committed to the county jail. See Hutchins v. State, Fla.App. 1973, 286 So.2d 244; Bryant v. State, Fla.App. 1974, 290 So.2d 122, and compare Lewis v. State, Fla.App. 1974, 298 So.2d 540, wherein adjudication of guilt and imposition of sentence was withheld. The procedure in this court has been to amend the illegal sentence by striking the provision for probation and to affirm the remainder of the sentence as modified. Kohn v. State, Fla. App. 1974, 289 So.2d 48; Harris v. State, Fla.App. 1974, 288 So.2d 552.
At this juncture, it becomes necessary to decide whether to follow our above stated procedure as to the original sentence, or whether the second sentence, five years in the state penitentiary, was proper and will stand.
The state contends that since the original sentence is illegal and, therefore, void, the court was entitled to impose any sentence it wished upon motion to correct the illegality. We do not agree. Analogizing the instant case to those cases in which harsher sentences have been imposed after a new trial for the same crime,[1] we review the record to determine whether there is some affirmative indication of whether there were any events or aggravating circumstances throwing a new light upon the defendant's life, health, habits, conduct, or mental and moral propensities subsequent to imposition of the first sentence, which would justify the imposition of the substantially more severe second sentence of five years in the state penitentiary. This test was established in Pearce, supra, and approved by this court in Kilpatrick v. State, Fla.App. 1972, 262 So.2d 472. In response to defense counsel's inquiry in the case sub judice, the trial judge stated on the record that he was not aware of any aggravating circumstances, nor have we been able to find any other basis for his imposition of the higher sentence. We are of the opinion, therefore, that to permit the increased sentence to stand would ultimately have a "chilling effect" on the right of all defendants who would otherwise attack illegal sentences, since they would do so in peril of being "rewarded" for success by a harsher sentence.
The second sentence is hereby reversed and vacated. The trial court's original sentence of one year in jail was legal; that portion of the sentence providing for five years probation was not legal. Accordingly, the sentence for probation is stricken, and the original sentence, as modified, is reinstated.
Reversed.

ON PETITION FOR REHEARING
NATHAN, Judge.
The defendant, appellant herein, has filed a detailed petition for a rehearing of this cause.
We have carefully considered such petition and the same is herey denied as a rehearing would serve no useful purpose.
*148 However, the point raised in the petition by the defendant, relative to the sentence imposed by this court on appellate review, is well taken.
The defendant-appellant argues that the sentence imposed by the trial court was five years probation, one condition of which was twelve months incarceration, and, therefore, it was inappropriate for this court to strike the probation and impose a sentence of twelve months incarceration. The defendant suggests that since incarceration was only a condition of five years probation, the probation should stand and the term of incarceration should be stricken.
Our review of the record on appeal indicates that the interests of justice will best be served by remanding the cause to the trial court for resentencing. Because of the posture of the record in this cause, the trial court is in the best position to determine the nature and extent of an appropriate sentence.
It is so ordered.
NOTES
[1] See North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656.