PER CURIAM.
Defendant-appellant was charged by information with (1) uttering a forged instrument and (2) buying, receiving or concealing property, tried by jury and found guilty of both charges. Thereafter, a sentencing hearing was held and all agreed (the trial judge, prosecutor, and defense counsel) that since both charges arose out of the same transaction [1] only one sentence could be imposed.[2] Thereupon, the trial judge sentenced the defendant to six months in the county jail to be followed by two years probation. However, the written judgment and sentence reflected that the defendant was sentenced to six months in jail as to the uttering of a forged instrument count and two years probation as to the buying, receiving or concealing stolen property count. Nevertheless, the order placing defendant on probation provides that defendant, having been found guilty on the above counts, would be placed on probation for two years after six months in the county jail. Sometime thereafter, an affidavit was filed wherein defendant was charged with violation of his probation. A hearing was held thereon. At the conclusion, the defendant was found to have violated his probation and then was sentenced to five years in the state penitentiary. This appeal followed.
Defendant-appellant contends that the trial court erred in revoking defendant’s probation as this probation was a nullity. We agree.
After a careful review of the record on appeal, it is evident that the entry of the order sentencing defendant to six months in the county jail on one count and two years probation on the other count was erroneous in that the trial judge and respective counsel correctly agreed that only one sentence could be imposed under the circumstances and thereupon the judge pronounced a single sentence of six months in the county jail to be followed by two years probation.
The trial judge having chosen to impose a sentence of six months in the county jail and further having. failed to suspend any part thereof, the probationary portion of the sentence was void ab initio and, therefore, the trial court lacked jurisdiction to revoke probation and impose a new sentence. See Hutchins v. State, Fla.App.1973, 286 So.2d 244; Cleveland v. State, Fla.App.1973, 287 So.2d 347; Kohn v. State, Fla.App.1974, 289 So.2d 48; Bryant v. State, Fla.App.1974, 290 So.2d 122; Reynolds v. State, Fla.App.1974, 293 So.2d 743.
Accordingly, the order revoking probation is reversed and the cause remanded to the trial court with directions to discharge the defendant-appellant as to the five year sentence which followed his revocation of probation.
Reversed and remanded.

. Defendant’s attempt to cash a stolen check at a package store.

. See Jackson v. State, Fla.App.1974, 293 So.2d 136.