MAGER, Judge.
This is an appeal from an order denying defendant’s motion to vacate sentence which motion sought to challenge the correctness of an order revoking his probation. Defendant’s term of probation was predicated upon a final judgment dated June 9, 1972, adjudicating him guilty of the offense of grand larceny and sentencing him to
“ . . . serve 1 year in the county jail of St. Lucie County, Florida, credit 56 days jail time served and place on probation for a period of 3 years.”
Apparently, after serving his term of incarceration, defendant violated condition (h) of his probation in that on June 24, 1974, he plead guilty to the offense of attempted grand larceny and his probation was revoked. Based upon the decision in Williams v. State, Fla.App.1973, 280 So.2d 518, 519, we held that the probation portion of such final judgment is a “nullity and is void”. The language of F.S. 948.-01(4) makes it clear that
“ . . . in order to impose a valid term of probation the trial court must withhold imposition of a portion of the sentence imposed upon the defendant.” (Williams, supra.)
Clearly, there is no provision in the law authorizing the trial court to sentence a defendant to probation.
“If incarceration is prescribed, the court may direct the defendant be placed on probation upon completion of any specified period of such sentence. But in doing so, the court must stay and withhold the imposition of a part of such sentence.”
Brown v. State, Fla.App.1974, 302 So.2d 430, 431, 432. At present, the court in its final judgment did not withhold the imposition of any part of its sentence but rather incorrectly sentenced appellant to both incarceration and probation which it clearly could not do.
*580 This case is to be distinguished from a situation where imprisonment is made a condition of probation. This court has held that incarceration as a condition of probation is lawful, Lewis v. State, 298 So.2d 540 (Fla.App.1974).
Therefore, because the probationary portion of the original sentence is a nullity, all actions taken pursuant thereto, including the order of revocation of probation and sentence thereon, are of no force and effect and are vacated and set aside. The order appealed is hereby reversed and the cause remanded to the trial court for further proceedings consistent herewith.
Reversed and remanded.
WALDEN and CROSS, JJ., concur.