[Civ. No. 22709. Fourth Dist., Div. One. Aug. 12, 1981.]

CORINNE ANDERSEN et al., Plaintiffs and Appellants, v.
CIVIL SERVICE COMMISSION OF SAN DIEGO COUNTY et al.,
Defendants and Respondents.

578

**COUNSEL**

Geffner & Satzman and Michael Posner for Plaintiffs and Appellants.

Donald L. Clark, County Counsel, Lloyd M. Harmon, Jr., Chief Deputy County Counsel, and Phillip L. Kossy, Deputy County Counsel, for Defendants and Respondents.

**OPINION**

LANGFORD, J.*—Corinne Andersen, Joe Morgan, Max Newbold, and Carole Sanford, employees of the San Diego County Department of Public Welfare (employees), appeal from an order of the superior court denying their petition for a writ of mandate directed against the San Diego County Civil Service Commission. We affirm the judgment.

Employees are members of Social Services Union, Local 535, San Diego Chapter, Service Employees International Union, AFL-CIO, an employee organization as defined by Government Code section 3501, subdivision (a). They, along with 77 other welfare department employees, were suspended without pay by the director of the department for participating in a job action during July 1978. All 81 appealed to the

---

*Assigned by the Chairperson of the Judicial Council.

civil service commission. Hearings were conducted before a hearing officer, who made findings and recommendations which were approved and adopted by the commission.

The general findings of the hearing officer adopted by the commission were to the effect that an appropriate penalty in each of the 81 cases would be 8 working hours suspension for each day of participation in the job action, whether or not the employee was a full time or a part time employee. The hearing officer found that in most cases the application of this formula would result in a reduction of the penalty set by the appointing authority. In a few cases, however, the penalty would be increased, as the hearing officer found was authorized by section 916.1 of the Charter of the County of San Diego, which permits the commission to "modify" the order of the appointing authority. The petitioners for writ of mandate in the court below and the appellants here are the four employees whose penalties were increased. Two employees had their penalties increased from 24 hours to 40 hours suspension, while the others were increased from 16 to 24 hours, and 24 hours to 32 hours.

■ Employees contend the commission, by increasing the penalties imposed on appeal from the suspensions issued by the Department of Public Welfare, exceeded its jurisdiction, abused its discretion, and denied employees a property interest without due process of law. The crux of all these contentions is employees' argument that the provision of section 916.1 of the San Diego County Charter which authorized the commission to "affirm, modify, or revoke" the discipline imposed by the Department of Public Welfare, permitted a decrease, but not an increase, in the employees' suspension.

"Modify" means "to alter; to change an incidental or subordinate feature; enlarge, extend; limit, reduce." (Black's Law Dict. (Rev. 4th ed. 1968) p. 1155.) California usage is in accord. (See *People* v. *Miller* (1967) 256 Cal.App.2d 348 [64 Cal.Rptr. 20]; *In re Marcus* (1936) 11 Cal.App.2d 359, 360 [53 P.2d 1021].) The provisions of Civil Code sections 4700 and 4801 providing that spousal and child support may be "modified or revoked" confer the power to increase such payments. They are known not only to the bar, but to the public in general. The commission did not exceed its jurisdiction.

Employees' suggestion that the commission's power is limited to reduction in discipline is unworkable because it is unduly simplistic. In a

case such as this, it is easy to see that an increase in the period of suspension is a modification upward. If instead the commission had abrogated the suspension, but imposed a transfer to less desirable work, or imposed a temporary reduction in grade which produced a smaller monetary loss but eliminated the time off involved in the suspension, the answer to the question whether there had been a reduction or increase in penalty would be in the eye of the beholder. The provision for modification of the discipline provided ample notice to the employees and their counsel that an appeal might result in a change in discipline which they would not like, whether by direct increase or other alteration. They were entitled to no further notice of that prospect. Due process was not denied.

Modification of the award was not an abuse of discretion. Since the discipline imposed on all 81 employees resulted from a concerted act, uniformity of treatment of all those involved assumed a high priority. The commission acted reasonably in eliminating disparity by conforming the penalty imposed upon these four employees to the standard applied to the other seventy-seven, rather than the other way around.

The judgment is affirmed.

Cologne, Acting P. J., and Work, J., concurred.