509 So.2d 1249 (1987)
Howard Curtis YATES, Sr., Appellant,
v.
STATE of Florida, Appellee.
No. 87-574.
District Court of Appeal of Florida, Fifth District.
July 9, 1987.
*1250 Howard C. Yates, Sr., pro se.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Pamela D. Cichon, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Judge.
Defendant appeals from a summary denial of his claim for relief under Florida Rule of Criminal Procedure 3.850. He contends first, that the portion of his sentence in which the trial court reserved jurisdiction to review any parole determination during the first one-half of his sentence, was constitutionally infirm because at the time of sentencing the statute permitted retention of jurisdiction for no more than one-third of his sentence. See § 947.16(3), Fla. Stat. (1983).
At the time defendant committed the crime for which he was sentenced, the statute authorized retention of jurisdiction for up to one-half of the maximum sentence, but at the time of sentencing, the 1983 amendment to the statute had become effective and it reduced the maximum retention period to one-third. The supreme court has held that the retention period in effect at the time of sentencing controls. Mills v. State, 462 So.2d 1075 (Fla.), cert. denied, 473 U.S. 911, 105 S.Ct. 3538, 87 L.Ed.2d 661 (1985).[1] Thus the retention of jurisdiction for one-half of defendant's sentence was error.
The State argues that because the issue of wrongful retention of jurisdiction could have been raised on direct appeal, it may not be raised in a collateral proceeding under Rule 3.850. The State is correct in asserting that this contention could have been raised on direct appeal, but it seems to us that any sentencing error which could result in a defendant's incarceration for a longer period than is permitted by law can also be raised in a Rule 3.850 proceeding. See Reynolds v. State, 429 So.2d 1331 (Fla. 5th DCA 1983). See also Styles v. State, 465 So.2d 1369 (Fla. 2d DCA 1985) (where sentence is alleged to be illegal because retention of jurisdiction is in excess of the period allowed by law, relief is available by direct appeal or Rule 3.850 motion). The rule itself permits an attack on a sentence imposed in violation of law.
Appellant's final point is without merit. By pleading guilty, he waived any infirmities in the form of the information not fatal to its sufficiency to charge an offense. See Lewis v. Mayo, 127 Fla. 488, 173 So. 346 (1937); Metchik v. State, 286 So.2d 269 (Fla. 3d DCA 1973) (attacking an information for vagueness comes too late after a plea of guilty).
The order denying relief is reversed in part and the cause is remanded with directions to reduce the period of retention of jurisdiction to a term not exceeding one-third of defendant's maximum sentence. In other respects, the order is affirmed.
REVERSED in part, AFFIRMED in part, and REMANDED.
UPCHURCH, C.J. and SHARP, J., concur.
NOTES
[1] Mills held that an amendment to the statute which increased the retention period from one-third to one-half of the maximum sentence was procedural, and that the statute in effect at the time of sentencing controlled, so long as the earlier retention statute was in effect when the crime was committed. Perhaps an increased retention period could not now be sustained in the light of Miller v. Florida, ___ U.S. ___, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987), but it is unlikely that Miller would proscribe a decreased retention period which is to the defendant's advantage, and not his disadvantage.