BARFIELD, Chief Judge.
This is an appeal from the summary denial of a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Appellant, who alleged in his motion that he pled guilty to carjacking, was sentenced to 31 months, and did not appeal the judgment or sentence, contended that the charging information “was highly prejudice (sic), because it improperly shifts the burden of proof’ (i.e., that by including the word “did” from the form information in section 923.03, Florida Statutes, the charging document “stated he ‘did ’ the crime”); that section 923.03 “is unconstitutional and unconstitutionally applied upon the implementation of Fla.R.Crim.P. 3.140”; and that defense counsel was ineffective “for not objecting to the alleged defects and not filing a Motion to Dismiss the defective charging document” (emphasis in the original). Appellant’s arguments concerning the “uneonstitutionality” of section 923.03 were as follows: 1) “Chapter 923 was not adopted by the Florida Supreme Court to promulgate practice and procedure as a rule per Article V, Section 2(a) of the Florida Constitution”; 2) “The State Attorneys are not uniform in the language application of the charging document throughout the state as required by the Article V, Section 5(b) of the Florida Constitution”; 3) “The substantive language of Florida Statute Chapter § 923(sic) is in violation of the separation. of power (sic), because the legislature is encroaching upon the power of judicial branch of government”; 4) “Chapter 923 violates due process of law by not giving Defendant a fair notice and depriving him of a fair hearing”; and 5) “Chapter 923 violates the rights of the accused by not properly informing the Defendant of accusation (sic) against him and right to effective assistance of counsel.”
We AFFIRM the order summarily denying this motion on its merits. We further point out that the motion is facially insufficient because it does not conform to rule 3.850(e), and that appellant’s guilty plea waived any infirmities in the form of the information not fatal to its sufficiency to charge an offense, see Yates v. State, 509 So.2d 1249 (Fla. 5th DCA 1987).
KAHN and WEBSTER, JJ., concur.